IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03460–PAB–KMT

SHAROLYN A. LEEPER,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, dba ALLSTATE, and
ALLSTATE INSURANCE COMPANY, dba ALLSTATE,

    Defendants.

## ORDER

    This matter is before the court on "Plaintiff's Motion to Amend Complaint." (Doc. No. 18, filed Jan. 31, 2014.) The court also considers "Plaintiff's Motion to Determine Sufficiency of Answer." (Doc. No. 14, filed Jan. 27, 2014.) For the following reasons, Plaintiff's Motion to Amend is GRANTED and Plaintiff's Motion to Determine Sufficiency of Answer is DENIED as moot.

    In her Motion to Amend, Plaintiff seeks leave of court to amend her Amended Complaint (Doc. No. 4) to assert a statutory claim for unreasonable delay and denial of underinsured motorist benefits ("UIM") and a common law claim for insurance bad faith.

    Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As a threshold matter, the court notes that this case is in its relative infancy.  Indeed, the court has not yet held a Scheduling Conference, at which the court will set a deadline for amending the pleadings and joining parties.  *See* Fed. R. Civ. P. 16(a)(3)(A).  Thus, there can be little, if any, argument that Plaintiff's proposed amendments are unduly delayed or prejudicial.

Defendants nevertheless argue that Plaintiff's proposed claims should be rejected as futile because they would "not withstand a motion for summary judgment." (Resp. at 2, Doc. No. 21.) The court may deny leave to amend if the proposed amendments "would be subject to dismissal for any reason, including that the amendment[s] would not survive a motion for summary judgment."  *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001).

However, the court declines to do so here.  First, Defendants do not maintain that they will face any—let alone undue—prejudice if Plaintiff's proposed amendments are permitted. *See Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr.

1, 2011) (citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006)) (prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend and, in its absence, an opposition to a motion to amend is "grievously weakened").

Second, the court finds that Defendants have conflated the standard governing summary judgment under Fed. R. Civ. P. 56 with the standard governing dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Despite arguing that they would be entitled to summary judgment on Plaintiff's proposed claims, Defendants have not made any attempt to "cite to particular parts of materials in the record" to demonstrate "that there is no genuine dispute as to any material facts and that [they] are entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c)(1)(A).  Instead, Defendants have cited only to select allegations from Plaintiff's proposed Second Amended Complaint, and appear to argue that, even presuming the truth of the allegations, Plaintiff would not be entitled to relief on her proposed claims.  That question, however, is governed by Rule 12(b)(6), not Rule 56.

Under these circumstances, the court finds that Defendants have failed to cogently argue that Plaintiff's proposed amendments are futile.  Indeed, instead of forcing a somewhat confusing futility argument into their Rule 15(a) opposition brief, Defendants will be better served by waiting to file Rule 12 or 56 motions after Plaintiff's Second Amended Complaint is in place as the operative pleading.  *See General Steel Domestic Sales, LLC v. Steelwise, LLC,* No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008).

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion to Amend Complaint" (Doc. No. 18) is GRANTED. The Clerk of Court is directed to file Plaintiff's Second Amended Complaint (Doc. No. 18-2).

It is further

ORDERED that "Plaintiff's Motion to Determine Sufficiency of Answer" (Doc. No. 14) is DENIED as moot, as it is now directed at an inoperative pleading.

Dated this 12th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge