IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03460–PAB–KMT

SHAROLYN A. LEEPER,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, dba ALLSTATE, and
ALLSTATE INSURANCE COMPANY, dba ALLSTATE,

    Defendants.

## MINUTE ORDER
**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

"Plaintiff's Motion to Modify Schedule to Allow Completion of Limited Remaining Discovery and Disclosures and Extend Dispositive Motion Deadline" (Doc. No. 36, filed Apr. 10, 2015) is GRANTED in part and DENIED in part.

Plaintiff's Motion is GRANTED in part to the extent it seeks an extension of the Discovery Deadline. The Discovery Deadline is extended to June 8, 2015 for the sole purpose of completing the deposition of Plaintiff Sharon Leeper as agreed upon by the parties and taking the deposition of Paula Humphrey as contemplated by the parties. The Discovery Deadline is not extended for any other purpose. The court finds good cause for an extension for this limited purpose because Plaintiff was diligent in attempting to get these depositions scheduled and the parties appeared to be working together even after the close of discovery to obtain discoverable information, such as the medical releases sought by defendants and medical records which are still being collected. To accommodate this additional discovery, the parties are granted a concomitant extension of the Dispositive Motions deadline through June 30, 2015. Further, the Telephonic Final Pretrial Conference is RESET for August 31, 2015 at 9:30 AM.

Plaintiff's Motion is DENIED in part to the extent it seeks to file any motion regarding the completeness of Defendants' discovery responses. Such motions must have been bought before the Discovery Deadline, which in this case meant on or before March 2, 2015. Plaintiff has not shown any reason why the issues regarding the completeness of Defendant's discovery

responses could not have been addressed prior to that date.

      Finally, to the extent any parties feel that supplementation of discovery is necessary, they are directed to comply with Fed. R. Civ. P. 26.

Dated: May 8, 2015