IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03460–PAB–KMT

SHAROLYN A. LEEPER,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, dba ALLSTATE, and
ALLSTATE INSURANCE COMPANY, dba ALLSTATE,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Partial Objection to Magistrate Judge's Order of May 8, 2015, and Motion to Reconsider, and Motion to Compel" ("Reconsider Mot.") [Doc. No. 44] filed May 21, 2015. The matter was referred to this court to the extent the motion sought reconsideration, but was denied as premature to the extent the motion sought District Court review. [Doc. No. 46.] Defendants' Response was filed on June 4, 2015 ("Resp. Reconsider Mot.") [Doc. No. 47] and Plaintiff filed her Reply on June 8, 2015 [Doc. No. 48]. On June 23, 2015, Plaintiff filed "Plaintiff's Supplemental Authority in Support of Her Partial Objection to Magistrate Judge's Order of May 8, 2015, and Motion to Reconsider, and Motion to Compel." [Doc. No. 49.] With leave of court, Defendants filed a Response to the supplemental authority on July 2, 2015. [Doc. No. 53.]

On May 8, 2015 this court ruled on "Plaintiff's Motion to Modify Schedule to Allow Completion of Limited Remaining Discovery and Disclosures and Extend Dispositive Motion Deadline" ("Disc. Mot.") [Doc. No. 36], granting the motion in part and denying it in part. [Doc. No. 42.]  In the Discovery Motion, Plaintiff sought, among other things, post-litigation UIM benefits claim handling records and information; the post-litigation claim file; Allstate's claims manual (including guidelines about reviewing and valuing injury claims); and Allstate's practices about tendering or advancing partial UIM benefits *before* settlement or adjudication of the entire value of damages.  (Mot. at 3.)  During the discovery period, Defendant had objected to and had not provided Plaintiff with the requested discovery.  Plaintiff now seeks reconsideration of the court's finding that any disputes regarding the completeness of Defendants' discovery responses were required to have been brought before the Discovery Deadline, which in this case meant on or before March 2, 2015. Further the Plaintiff argues that it has shown good cause for its delay in bringing forth issues in a motion to compel because she acted with diligence and in good faith.  Further, Plaintiff argues that without certain discovery "Plaintiff will be denied the opportunity for a fair trial [and] [m]anifest injustice will result." (Mot. at 13.)

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.  However, in order to avoid the inefficiency

which would attend the repeated re-adjudication of interlocutory orders, judges in this district have generally imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv- 00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged since the court's initial ruling or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

When Plaintiff first presented her argument for additional discovery on April 10, 2015 (see Disc. Mot.), *Fisher v. State Farm Mut. Auto. Ins. Co.*, --- P.3d ----, 2015 WL 2198515 (Colo. App. May 7, 2015) had not yet been decided. In fact, at the time of this court's ruling on May 8, 2015, the case had only been of record for one day and was not carefully considered as part of the ruling. The court's ruling against the Plaintiff was not based upon an assessment of the merits of the discovery requested, but rather upon the lateness of Plaintiff's bringing the discovery issues to the court for resolution.

The Reconsideration Motion, among other things, raises issues concerning the merit (or lack thereof) of Plaintiff's discovery requests concerning Defendant's post-litigation UIM benefits claim handling, the post-litigation claim file, Allstate's practices about tendering or

advancing partial UIM benefits before settlement or adjudication of the entire value of damages. (Reconsider Mot. at 3.) Plaintiff argues that *Fisher* "represents a new and previously not considered statement of the law." (*Id*. at 5.) Plaintiff argues that contrary to Allstate's argument that its duty to negotiate in good faith with its insurer was suspended after the start of first-party litigation by Allstate's customer, Sharolyn Leeper, Fisher now directs "that an insurer may not make its insured wait until settlement or complete adjudication of the entire damages for personal injuries." (*Id*. at 4.)

The statutory provision in Fisher and in this case is Colo. Rev. Stat. § 10–3–1115(2). That section provides that "an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id*. In *Fisher*, the court considered the UIM insurance carrier's position that its failure to pay its insured policy benefits once the case had been filed could not have been unreasonable as a matter of law because the amount of Fisher's entire UIM claim was "fairly debatable" and the insurer was not legally required to pay Fisher's UIM claim on a piecemeal basis. *Fisher*, 2015 WL 2198515, at *5. The court found that because "Mr. Fisher's medical expenses for injuries he incurred from the accident were a 'covered benefit' under the UIM policy, notwithstanding that the remainder of Fisher's UIM claim was for damages other than medical expenses" the insurer had a duty to not unreasonably delay or deny payment of Fisher's medical expenses. *Id.* Accordingly, under the plain language of Section 10–3–1115, the court found that the insurer was obligated to pay the insured at least that part of the undisputed claim – the undisputed medical expenses - irrespective of any ongoing litigation. (*Id*. at 7.)

4

Plaintiff maintains that the argument in favor of allowing a plaintiff to receive information about post-litigation claims handling changed dramatically from the date of the close of discovery in this case and May 7, 2015 when *Fisher* was decided.  The court agrees. However, the question still remains whether Plaintiff preserved her right to re-open the discovery period since she did not timely file a Motion to Compel within the time allowed.  The court, however, may leave this question for another day, because Defendant states:

> Following the informal discovery hearing on May 27, 2015, which took place before Magistrate Judge Tafoya, the parties reached an agreement regarding some of the discovery issues.  In particular, the defendant has agreed to allow Allstate claims analyst Paula Humphrey to testify at her deposition on the topic of post-litigation claims handling. Defendants also produced a copy of the post-litigation claim file/claim history.  Pursuant to the discussion and agreement among counsel, Ms. Humphrey testified at her deposition about post-litigation claim handling, including any valuations of the claim after the commencement of litigation.  Pursuant to the agreement among counsel, she did not discuss the following topics: (1) attorney-client communications; (2) reserve information pertaining to general expenses, including defendants' attorney's fees; (3) reserve information and settlement authority pertaining to the settlement of the case, which is unrelated to any determination as to what, if any, underinsured motorist benefits might be owed; and (4) any settlement or litigation strategies, which are unrelated to the valuation of the plaintiff's underinsured motorist claim. Due to this agreement, the deposition of Ms. Humphrey, and the additional disclosures, the plaintiff's request in regard to the post-litigation claims file/history and handling is moot. In addition, a number of the plaintiff's requests that written discovery be supplemented are also moot, which will be outlined below

(Resp. to Reconsider Mot. at 2-3)  Defendant states that production of the post-litigation claim file/history has also mooted First Interrogatories 1-4, 7 and First Request for Production of Documents 4, 7-9.  (*Id.* at 3.)  The parties have come to an agreement regarding supplementation on Second Interrogatories No. 10-13.

Defendant still resists any further supplementation regarding Allstate's practices about tendering or advancing partial UIM benefits because Ms. Humphrey testified on this topic and,

5

further, because it is irrelevant in this case as Allstate does not agree that **any** UIM benefits are owed. If there is no partial or smaller amount owed upon which the parties agree, then *Fisher's* applicability is limited.

The only remaining item about which the parties disagree is Allstate's production of its Claims Manual. Whether or not the Claims Manual is relevant and discoverable is not changed by the advent of the *Fisher* ruling. Therefore, the court continues to find that the request to compel production of the Claim Manual was not timely and the decision by this court to deny the Discovery Motion as to this request will not be reconsidered.

Further, the court sees no grounds to order Defendant to supplement or change its responses to Requests for Admission 9, 14, 19, 20 and 25-29. Even if the request for court intervention had been timely made, Defendant's responses are adequate.

It is therefore **ORDERED**

"Plaintiff's Partial Objection to Magistrate Judge's Order of May 8, 2015, and Motion to Reconsider, and Motion to Compel" ("Reconsider Mot.") [Doc. No. 44] is GRANTED in part, found as MOOT in part and DENIED in part, consistent with this Order.

Dated this 13th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge