IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03460-PAB-KMT

SHAROLYN LEEPER,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, d/b/a Allstate, and ALLSTATE INSURANCE COMPANY, d/b/a Allstate,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Unopposed Motion to Speak with the Jurors. Docket No. 191.

    After the verdict in this case was announced on November 17, 2016, the Court informed the jury that no party had made a request to contact them and, as a result, pursuant to Local Rule 47.2, no party would. Plaintiff then asked for permission to do so. As demonstrated by the materials attached to plaintiff's motion, there is a diversity of opinion about the propriety of contacting jurors with requests to explain their verdict. Docket Nos. 191-1, 191-2, 191-3. Having plaintiff articulate the reasons for her request and then balancing those reasons against reasons not to contact the jurors could not have been done in the presence of the jurors and would have delayed their dismissal. After eight days of jury service, the Court did not believe it was appropriate to postpone the jurors' dismissal any longer.

As grounds for reconsideration, plaintiff relies on "local Rule 47.2 and her due process rights under the U.S. Constitution, Amendments 5 and 14." Docket No. 191 at 2. Local Rule 47.2 does not create a right for attorneys or parties to communicate with jurors after trial; rather, it requires a court order to do so. D.C.COLO.LCivR 47.2. Further, plaintiff does not identify the basis for a due process right to ask jurors to explain why they reached their verdict, particularly for the purposes noted in her motion.

The Court did not restrict the jurors' ability to speak with anyone they wanted to about the case, including the attorneys. Moreover, because plaintiff made her initial motion to speak with jurors in their presence, the jurors are already aware that plaintiff's counsel would like to speak with them. They are free to contact them if they wish. However, after the verdict, the Court instructed the jurors that they will not be contacted by the parties or their attorneys. Plaintiff fails to present any persuasive rationale to alter the jurors' expectations.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Speak with the Jurors [Docket No. 191] is denied.

DATED November 23, 2016.

            BY THE COURT:

             s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge